*Formatted for Electronic Distribution*                                                           *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
05/03/2023

**In re:**

    Robert A. Toms,                                             Chapter 13
                                                                  Case No. 20-10061

              **Debtor.**

*Appearances:*

    *Nancy M. Geise, Esq.*                               *Jan M. Sensenich, Esq.*
    *Williston, Vermont*                                   *Norwich, Vermont*
    *For Debtor*                                               *Chapter 13 Trustee*

## MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART DEBTOR'S COUNSEL'S APPLICATION FOR INTERIM COMPENSATION

Applicant seeks compensation under §330 for services provided as reflected in her Interim Application for Compensation for post-petition attorney fees (the "Application") (docs. ## 92 and 94).[1] Not currently before the Court is the mechanism by which the Applicant is to be compensated or whether the Debtor is obligated to satisfy any compensation awarded.[2] For the reasons articulated below, the Court finds that a portion of the requested fees meet the beneficial, necessary, and reasonable standard under § 330 and relevant case law. Accordingly, the Application is granted in part and denied in part.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered on June 22, 2012. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (O), over which the

---

[1] Unless otherwise indicated, all statutory references herein are to the United States Bankruptcy Code (the "Code"), currently in force.

[2] The Debtor's confirmed Chapter 13 Plan, as it stands as of the date of this opinion does not include the fees requested. While the Applicant had previously filed a motion for the fees to be paid outside the Plan (doc. ## 91 and 101), that request for relief has been withdrawn.

Court has authority to enter a final judgment.

## BACKGROUND

At the commencement of the case on February 25, 2020, Attorney Nancy Geise (the "Applicant") timely filed a Disclosure of Compensation of Attorney for Debtor(s) under Fed. R. Bankr. P. 2016(b) (doc. # 1). In the Applicant's initial statement, the Applicant disclosed that she had agreed to accept $3,500 for legal services rendered, $2,000 of which would be paid through the Plan.

On May 1, 2020, the Applicant filed an Amended Disclosure of Compensation, increasing the amount of her legal fees by $500.00 to reflect "additional fees for negotiating forbearance periods with lenders and amending the plan to reflect those forbearances." (doc. # 26). The Debtor's proposed plan, as amended, which provided for the payment of Applicant's unpaid legal fees, was confirmed by the Court on May 18, 2020 (doc. # 39).

The Debtor then filed a Motion to Modify his plan on October 28, 2020, citing circumstances related to the COVID-19 pandemic, seeking to extend his Plan to seven years (84 months) (doc. # 47). In connection with the October 28, 2020 Motion to Modify, the Applicant sought additional attorney's fees in the amount of $675.00 to be paid through the modified plan (doc. # 47). The Applicant did not file an Amended Disclosure of Compensation in connection with the additional $675.00 in attorney's fees. On January 4, 2021, the Court granted the Debtor's October 28, 2020 Motion to Modify, including the additional $675.00 in attorney's fees (doc. # 58). The Order was later amended by Stipulation of the Debtor and the Debtor's lender, Community Bank, N.A. although the Applicant's fees remained the same (doc. # 67).

On October 19, 2022, the Debtor filed a Motion to Modify, in which the Applicant sought an additional $4,301.25 to be included in the Amended Plan for services provided during the VHAP application process, mainly for correspondence between the Applicant, the Debtor's lenders and the Chapter 13 Trustee.[3] The Applicant filed an Application for Compensation in connection with that request (doc. # 77). However, the Applicant later withdrew the October 19, 2022 Motion to Modify.

The Debtor filed a Second Motion to Modify on November 7, 2022, to account for VHAP grant monies to be applied to his pre- and post-petition arrearages owed to his first mortgage

---

[3] The Vermont Housing Finance Agency (the VHFA) administers the Vermont Homeowners Assistance Program (VHAP) which offers grants to Vermont homeowners who face COVID related hardships.

2

holder, Community Bank, N.A. and his second mortgage holder, Peoples Trust (doc. # 82).[4] The Debtor proposed to maintain the extended duration of his Plan, with fifty-one months remaining.

The Court held a hearing on the Second Motion to Modify on December 7, 2022. The Court invited the parties to brief whether the relief requested by the Second Motion to Modify was available under the Bankruptcy Code considering the March 27, 2022 sunset of § 1329(d) that was available under the CARES Act. Rather than brief the issue, counsel for the Debtor withdrew the Second Motion to Modify and the corresponding Fee Application on December 16, 2022.

On January 4, 2023, the Applicant submitted the Application before the Court (doc. # 92)[5], and then filed an "Amended Disclosure of Compensation of Attorney for Debtor" on January 20, 2023, which identified additional legal fees in the amount of $4,301.25 (doc. # 94). On March 20, 2023, the Applicant supplemented the Application with the Debtor's affidavit acknowledging the request for fees in the amount of $4,675.50 (doc. # 100).[6] While his affidavit acknowledges the request for fees, the Debtor does not affirmatively support the application for fees. *See* Vt. LBR 2016-1(d).

**DISCUSSION**

"A Chapter 13 debtor has the right to employ counsel so long as two requirements are met: (1) the need to disclose compensation paid or agreed to be paid pursuant to section 329; and (2) the need for approval of post-petition payments from property of the estate pursuant to section 330(a)(4)(B)." *See In re Cahill*, 478 B.R. 173, 176 (Bankr. S.D. N.Y. 2012).

**A. Disclosure**

Section 329(a) states:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

---

[4] The November motion was the Debtor's Third Motion to Modify but the Debtor withdrew the October 19, 2022 Motion to Modify (doc. #74) on November 7, 2022, after an objection was filed by the Debtor's first mortgage holder, Community Bank, N.A.
[5] The Application reflects legal fees incurred in the amount of $9,345.00 which the Applicant voluntarily reduced by 50% to $4,675.50. The Applicant provides no explanation for the voluntary reduction.
[6] The Applicant's latest Amended Disclosure of Compensation reflects an agreement for fees in the amount of $4,301.25 (doc. # 94).

Section 329 requires attorneys who are "representing a debtor in a case under this title, or in connection with such a case" to file a statement disclosing his or her fees. Section 329 is further implemented by Federal Rule of Bankruptcy Procedure 2016(b):

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

The disclosure requirements under Rule 2016(b) are mandatory and not permissive under the Bankruptcy Code. *See In re Ortiz*, 496 B.R. 144, 148 (Bankr. S.D.N.Y. 2013) (*See e.g., In re Basham*, 208 B.R. 926 (9th Cir. BAP 1997); *In re Kowalski*, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009) (citing *In re Whaley*, 282 B.R. 38, 41 (Bankr. M.D. Fla. 2002)); *In re Bennett*, 133 B.R. 374, 378 (Bankr. N.D. Tex. 1991)). Rule 2016(b) requires the attorney to disclose information related to services rendered "in connection with the case," regardless of whether compensation is sought from the estate. Fed. R. Bankr. P. 2016(b). Further, the Code requires courts to closely monitor all compensation paid by debtors. *In re Schatz*, 601 B.R. 864, 868 (Bankr. D. Conn. 2019). Through disclosures, courts can "prevent overreaching by debtors' attorneys and give interested parties the ability to evaluate the reasonableness of the fees paid." *In re Ortiz*, 496 B.R. at 148 (citing *In re Hackney*, 347 B.R. 432, 442 (Bankr. M.D. Fla.2006)). "Anything less than the full measure of disclosure leaves counsel at risk that all compensation may be denied." *In re Laferriere*, 286 B.R. 520, 526 (Bankr. D.Vt. 2002) (citing *Cohn v. U.S. Trustee* (*In re Ostas*), 158 B.R. 312, 321 (N.D.N.Y.1993)).

The Amended Disclosure of Compensation filed by the Applicant does not comply with the disclosure requirements as set forth in Rule 2016(b). The Applicant failed to include the $5,350.00 in compensation she previously received in connection with the case, listing $0.00 instead of the $5,350.00 amount (doc. # 94). Rule 2016(a) also provides an application for compensation shall disclose amounts paid for services rendered in connection with the case prior to the application. The Application fails to disclose the amounts previously approved in this case. These omissions, however inadvertent, are "less than the full measure of disclosure" and hinder

the Court's ability to prevent overreaching and does not allow interested parties to determine the reasonableness of the fees. *Id.* at 530; *In re Ortiz*, 496 B.R. at 148.

Having found a violation of the disclosure requirements, the Court must determine the appropriate sanction. Given the importance of full disclosure, "[f]ailure to properly disclose a fee agreement subjects counsel to sanctions—even in the absence of other inappropriate conduct." *In re Hall,* 518 B.R. 202, 207 (Bankr. N.D.N.Y. 2014) (citing *In re Buckner,* 350 B.R. 874, 878 (Bankr. D. Idaho 2005)). Anything less than full disclosure leaves counsel exposed to the possibility that the entire fee may be denied, and "[t]he approach within the Second Circuit has uniformly been to decide Bankruptcy Code and Rule disclosure violations with an inflexible standard. No exceptions are to be made based upon inadvertency (slipshodness) or good faith." *Id*. (quoting *In re Laferriere,* 286 B.R. 520, 526 (Bankr. D.Vt. 2002)). "Many courts, perhaps the majority, punish defective disclosure by denying all compensation." *In re Gage,* 394 B.R. 184, 191 (Bankr. N.D. Ill. 2008).

The Court has the discretion to determine the appropriate sanction for failure to disclose, and crafting an appropriate remedy is "no easy task." *In re GSC Group, Inc.,* 502 B.R. 673, 750 (Bankr. S.D. N.Y.2013). The Applicant has properly sought approval of fees from the Court by filing a fee application. Given the Court's findings on Applicant's fee application, as outlined below, the Court does not deem denial of the entirety of Applicant's fees for disclosure violations appropriate under the facts and circumstances of this case.

### B. **Reasonableness**

An application for compensation under § 330(a)(4)(B) requires the Court to evaluate the benefit and necessity of the services to the debtor. Section § 330(a)(4)(B) provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Upon the filing of the application, the Court reviews the fees for reasonableness. *In re Cahill*, 478 B.R. at 176. Section 330(a)(3) provides the Court with a non-exclusive list of factors to consider when determining the amount of reasonable compensation to be awarded. *See In re Haimil Realty Corp.*, 579 B.R. 19, 26–27 (Bankr. S.D.N.Y. 2017) (citing *Zeisler & Zeisler, P.C. v. Prudential Ins. Co. of Am. (In re JLM)*, 210 B.R. 19, 23 (2d Cir. BAP 1997)). These factors include:

5

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

§ 330(a)(3).

The Court has a responsibility to examine attorney's fees whether an objection is raised or not. *In re Hanover*, No. 8-20-70676-AST, 2020 WL 2554229, at *3 (Bankr. E.D. N.Y. May 19, 2020). The rationale for the bankruptcy court's independent duty to review fee applications has been characterized as a "duty to ... protect the estate 'lest overreaching ... professionals drain it of wealth which by right should inure to the benefit of unsecured creditors.'" *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D. N.Y.1997). The burden is on the Applicant to demonstrate that her services were reasonable and necessary. *In re Fibermark,* 349 B.R. 385, 395 (Bankr. D. Vt. 2006); *see also, In re Hanover*, No. 8-20-70676-AST, 2020 WL 2554229, at *3 (Bankr. E.D. N.Y. May 19, 2020) (citing *In re GSC Group, Inc., et al.,* 502 B.R. 673, 741 (Bankr. S.D. N.Y. 2013); *In the Matter of The Robert Plan Corp., et al.,* 2018 WL 1267870, at *12 (Bankr. E.D. N.Y. Mar. 1, 2018)).

To sustain her burden, the Applicant must "conscientiously set forth the hours expended on each task and the nature of the services rendered at a level of specificity that would allow the Court to evaluate the application." *In re Fibermark, Inc.*, 349 B.R. at 395. For the Court to ascertain whether the actual time spent is reasonable, at the very least, each application must include a specific analysis of each task for which compensation is sought and the time records must be scrupulously accurate. *Id.* When different services or tasks are lumped together, the Court cannot determine whether the time allotted for each is reasonable. *Id.* Consequently, this Court will summarily disallow time for discrete legal services merged together in the application for fees. *Id.* In the Application before the Court, most tasks are lumped together (doc. # 92). By way of example, the Applicant seeks compensation for 2.5 hours expended on the following tasks:

10/13/22    Updated modification spreadsheet to reflect final VHAP grant funds as confirmed by Ingrid Nixon; email to trustee with spreadsheet; email to client to update schedules; draft motion to modify and amended plan; protracted email correspondence with client re:  amended income and expenses

As presented, the Court is unable to determine whether the actual time spent on each task is reasonable. Because the Court is unable to determine whether the time allotted is reasonable, the Court disallows the lumped time entries in their entirety.

Some of the Applicant's time entries are drafted with a level of specificity that allows the Court to determine that the fees sought are reasonable. These entries list each discrete task, label the date the task was completed, and how long it took the Applicant to complete each task. The Court allows fees for these entries. Specifically, the Court finds that the services performed on the dates referenced below were reasonable, necessary and of benefit of the estate pursuant to §330(a)(1). The entries are as follows:

  i. May 31, 2022, for $56.25;
 ii. July 5, 2022, for $37.50;
iii. July 19, 2022, for $93.75;
 iv. August 5, 2022, for $168.75;
  v. August 25, 2022, for $75.00;
 vi. September 5, 2022, for $56.25;
vii. September 23, 2022, for $75.00;
viii. November 21, 2022, for $112.50;
 ix. November 22, 2022, for $75.00;
  x. December 15, 2022, for $225.00.

(doc. # 92). While the Applicant voluntarily reduced fees incurred by half, the Court deems it appropriate to allow compensation in the full amount for these entries rather than at the reduced rate.

## CONCLUSION

For the reasons articulated above, the Court grants the Applicant's Request for Compensation in the amount of $975.00. The Court will set a status conference to determine the mechanism by which the Applicant is to be compensated or whether the Debtor is obligated to satisfy any compensation awarded.

This constitutes the Court's findings of fact and conclusions of law.

May 2, 2023  
Burlington, Vermont

Hon. Heather Z. Cooper  
United States Bankruptcy Judge